# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

        -vs-

**CORTEZ THOMPSON,**

        Movant.

Case No.    09-C-478
                 06-CR-282

## DECISION AND ORDER

This matter comes before the Court on Cortez Thompson's ("Thompson") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In 2006, Thompson was named in a multi-count drug trafficking indictment, charging him with conspiracy to distribute more than 50 grams of crack cocaine and possessing a firearm as a prohibited person. In October 2007, Thompson pled guilty to a one-count Information charging him with maintaining a drug trafficking place in violation of 21 U.S.C. § 856. In the plea agreement, the parties agreed that a two-level increase for possession of a firearm was applicable under the sentencing guidelines. The Court sentenced Thompson to 101 months imprisonment.

Thompson's claims are mostly inscrutable, but after an initial review, the Court directed the government to address the following issues: (1) did Thompson's attorney render ineffective assistance of counsel, such that in the absence of the alleged deficient

performance, Thompson would have rejected the plea agreement and insisted upon going to trial? and (2) did Thompson's attorney render ineffective assistance of counsel at sentencing, resulting in a higher sentence for Mr. Thompson?

To state a successful ineffective assistance of counsel claim, a defendant must show that his "representation fell below an objective standard of reasonableness" and a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In the context of a guilty plea, the prejudice requirement is satisfied if the defendant shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Morales v. Boatwright*, 580 F.3d 653, 659 (7th Cir. 2009). This determination depends on whether absent the error, defendant's counsel would have changed his "recommendation as to the plea" which in turn depends on whether "the evidence likely would have changed the outcome of a trial" or whether an affirmative defense to the crime charged "likely would have succeeded at trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Thompson argues that his lawyer should have done more substantive work on his case instead of simply pushing for a guilty plea. This strategy was not objectively unreasonable because the evidence against Thompson was overwhelming. Thompson rented the homes that were used by the lead defendants in this case to cook crack cocaine and to sell drugs. Agents found a 9mm pistol, live rounds of ammunition, and drug paraphernalia on the premises. Thompson's link to the handgun was corroborated by his co-defendants.

-2-

Negotiating a guilty plea was the best available strategy. At a minimum, it was not objectively unreasonable.

Thompson argues that his attorney should have filed a suppression motion because he did not consent to the search. Thompson's conviction was based upon evidence that was seized (in the homes he was renting) pursuant to a search warrant, so Thompson's consent was not required. *See Bumper v. North Carolina*, 391 U.S. 543, 550 (1968).

Thompson discusses the hearsay rule in great detail, ultimately arguing that his attorney should have attempted to suppress hearsay evidence and character evidence under Fed. R. Evid. 404(b). The Court fails to see the relevance of this line of attack. The government's case against Thompson was not built upon hearsay or bad character evidence.

Thompson also argues that his attorney was ineffective for failing to pursue a conditional guilty plea. Fed. R. Crim. P. 11(a)(2) allows a defendant to enter a guilty plea while reserving the right to appeal the adverse determination of any specified pretrial motions. *United States v. Doherty*, 17 F.3d 1056, 1058 (7th Cir. 1994). The pretrial motions suggested by Thompson are frivolous. Therefore, his attorney cannot be considered ineffective for failing to preserve those issues for appellate review.

At sentencing, Thompson argues that his attorney should have moved for an evaluation of his drug abuse and emotional disorders. Thompson's history of drug abuse was raised by counsel and addressed by the Court. A more thorough presentation would not have resulted in a lesser sentence. Instead of focusing unduly on these extraneous issues, Thompson's attorney pursued a more reasonable strategy by objecting to the calculation of

drug weight pursuant to the sentencing guidelines. This objection was overruled in a written opinion. D. 222, May 22, 2008 Decision and Order. Even though the objection was not deemed meritorious, it was a reasonable strategy which demonstrates the lack of deficient performance.

Finally, Thompson suggests that the Court should hold an evidentiary hearing. Rule 8, Rules Governing Section 2255 Proceedings. To the contrary, Thompson is not entitled to an evidentiary hearing unless he identifies "evidence he would have presented that would create a reasonable probability that the result of the proceedings would have been different." *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Thompson's bald allegation that he would have insisted upon going to trial is not enough to proceed in the absence of objective evidence to support his assertion. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) ("A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice").

For all of the foregoing reasons, Thompson's claims are without merit, and their lack of merit is not debatable among jurists of reason. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Therefore, Thompson cannot make a substantial showing of the deprivation of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS HEREBY ORDERED THAT** Thompson's motion for appointment of counsel [D. 11] is **DENIED**, Thompson's motion for relief under § 2255 is **DENIED**, and this matter is **DISMISSED**. The Court will not issue a certificate of appealability. Rule 11, Rules Governing Section 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2010.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**U.S. District Court**